STATE, RESPONDENT, *v.* BROADBENT ET AL., APPELLANTS.

(No. 1,832.)

(Submitted November 12, 1902. Decided January 2, 1903.)

*Criminal Law—Witness—Impeachment — Cross-Examination.*

1.   Defendant, having as a witness denied his guilt, may for the purpose of impeachment be asked on cross-examination if he did not make statements to the contrary, and having denied making some of them, and stated that others, though made, were made under inducements, and were false, the persons to whom they were alleged to have been made may, for the same purpose, on rebuttal contradict him.

2.  To the extent that testimony is admissible to impeach one defendant, testi-
    fying for himself and his co-defendant, his co-defendant is subject to be
    affected thereby.
3.  Defendants in a criminal case, the evidence tending to show that a witness
    for the state, and ex-convict, is friendly to the prosecution and hostile to
    defendants, and that he was visited in the penitentiary by the prosecuting
    witness and taken into his employ, should be allowed to ask him on his
    cross-examination questions showing his relations to the prosecuting wit-
    ness and his animus in the case.

*Appeal from District Court, Custer County; C. H. Loud, Judge.*

WILLIAM BROADBENT and James Donaldson were convicted of grand larceny, and appeal. Reversed.

*Mr. William Wallace, Jr., Mr. H. J. Haskell, Mr. O. F. Goddard,* and *Mr. Sydney Sanner,* for Appellants.

*Mr. James Donovan, Attorney General,* for the State.

MR. JUSTICE MILBURN delivered the opinion of the court.

The defendants were convicted of the crime of grand larceny, having been duly charged by the county attorney with having on the 1st day of September, 1897, in the county of Dawson, stolen 600 sheep, of the value of $2,700, the property of F. S. Webster, Aldo Sanford, and D. C. Webster, copartners as Webster, Sanford & Co. From the order denying the motion of defendants for a new trial and from the judgment, the defendants, and each of them, appeal.

There are thirty-seven alleged errors of the district court argued under ten heads in the brief of counsel. There were twenty-one witnesses examined, and the testimony covers two hundred and twelve pages of the record. It will not be necessary to take up seriatim the exceptions which were saved to the rulings of the court as to admission of evidence.

1.  The first specification in the brief depends upon assigned errors 5, 6, 17, 18, 19, 20, 27, 28, 33, 34, and 46. All of these refer to alleged confessions and admissions of the defendant

Broadbent not made in the presence of his codefendant, Donaldson.  The brief of counsel treats these alleged confessions of Broadbent, first, as to their effect upon him; and, second, as to their effect upon his codefendant Donaldson.  We first consider the rulings of the court complained of so far as they affect Broadbent himself.  It appears that two witnesses, one Hand and one Beatty, ex-convicts, testified as to certain admissions and confessions made by Broadbent.  Counsel admits that their testimony was admissible as to Broadbent.  The contention, so far as the admissions alleged to have been made by Broadbent against his own interests are concerned, is as follows:  F. S. Webster, prosecuting witness, while upon the witness stand as a witness for the state in its case in chief, testified as to certain self-incriminating statements made by Broadbent.  The court, upon consideration and on motion of the defendants, finally rejected these statements, holding that they were involuntary, and therefore not admissible.  The defendant, having been put upon the witness stand by his counsel in his own behalf, was cross-examined as to these alleged admissions and confessions made to Webster, the questions on cross-examination. having been allowed over the objection of the defendant.  The defendant thus cross-examined admitted having made one or more of the admissions, but undertook to explain by saying that Mr. Webster came to him while under arrest and engaged him in conversation, and promised to procure him a bail bond so he could be at large if he would testify for the state and against Donaldson, his codefendant, and that he made these admissions in order to procure this bail bond, but that he lied in so doing, and thought that he was doing right in lying to Mr. Webster for the purpose of getting a bail bond.  Certain other alleged admissions concerning which he was interrogated on cross-examination he denied having made. · Proper foundation appears to have been laid for rebuttal, if rebuttal were proper.  Mr. Webster, having been put upon the witness stand in rebuttal, was examined, over the objection of the defendants, concerning the matter of these admissions or confessions and the question of inducement.  Defendants' objection was principally based

upon the fact that the court had declared in the state's case in chief, upon cross-examination of Webster, that the admissions or confessions were involuntary and inadmissible, and that therefore the state was precluded in law from introducing them on cross-examination of the defendant on rebuttal, or at all. The court allowed the cross-examination of the defendant and the rebuttal evidence of Webster, holding that, "if the defendant goes on the witness stand and denies his guilt of the crime charged, then the state is permitted, by way of impeachment or contradiction, the proper foundation being laid, to show statements inconsistent with the testimony which he gives upon the stand." The question whether the court erred in rejecting the evidence of Webster in the case in chief as to the alleged confessions as substantive evidence tending to show guilt is not presented, and therefore we do not pass upon the same. The question is, did the court err against defendants, or either of them, Broadbent being a witness in his own behalf, in permitting evidence to be introduced in rebuttal of statements and denials made by him on cross-examination, not as substantive evidence, but for the purpose of contradicting him as a witness? We think not. The court in its charge to the jury, instruction No. 16, said to them as follows: "The jury are instructed that certain testimony has been introduced in the nature of admissions or confessions of guilt. This testimony was, in the first instance, held to be incompetent by reason of the fact that some inducement had been offered to the defendant making such admissions or confessions, and it was therefore excluded; but later in the course of the trial the defendant making such statements having become a witness in his own behalf, and having denied all knowledge of, or participation in, the offense charged, the court permitted such testimony to be introduced in this case for the purpose of impeachment and contradiction of the statements made by such defendant while upon the witness stand. The court instructs you in relation to this testimony that this evidence is to be considered by you, together with all the other evidence in the case, for what you deem it to be worth as impeaching the credibility of or contradicting the testimony of

the defendant making such statements or confession." The purpose of this instruction apparently was to say to the jury that the testimony of these alleged admissions or confessions was not admitted as substantive evidence tending to show guilt, but that the jury might consider the fact that the defendant had made such statements, if they believed they were made and the circumstances surrounding the making of the same, for what they were worth in judging the credibility and truthfulness of the witness. Considering the remarks of the court heretofore quoted, with this instruction, this apparently was the idea of the court attempted to be expressed; but the language is such that it might have been misunderstood by the jury, and they might possibly have understood it to mean that the testimony relative to the alleged admissions and confessions might be considered by them as proving confessions, and not merely as affecting the truthfulness of the witness. The declared purpose of the court in admitting this evidence on cross-examination and in rebuttal, as shown by the remarks of the court hereinbefore quoted, and instruction No. 16, is perhaps inconsistent with the idea expressed in instruction 14, which is as follows: "You are instructed, further, that if declarations or admissions of either of the defendants, connecting or tending to connect him with the commission of the offense charged, have been proven, you are to receive the proof of such declaration or admissions with caution as applying to the defendant making such declarations or admissions." Instruction 14 by its language covers all confessions appearing in proof, and would lead the jury probably to believe that they were to be received against the defendant Broadbent, although with caution. We do not find error against the defendants, or either of them, in the rulings of the court complained of respecting the cross-examination of Broadbent and the evidence of Webster in rebuttal, but recommend that in a retrial of this cause the court be more careful to clearly state the law of the case in its instructions to the jury affecting the matter of admissions or confessions as they may appear.

As to the effect of the testimony relating to admissions or

confessions made by Broadbent implicating his codefendant Donaldson, and made outside of the hearing of the latter, the court instructed the jury not to consider them as against Donaldson. Apart from the seeming inconsistency between this instruction and instruction numbered 16, which shows the sole purpose for which such admissions or confessions were admitted, the court was correct in so instructing the jury, and we find no error in this behalf prejudicial to the defendant Donaldson; but, on the other hand, the court might have gone farther, and charged the jury that, so far as such testimony had any tendency to affect the credibility of Broadbent as a witness, it did affect his codefendant Donaldson in so 'far as it might impeach Broadbent, who was not only a witness in his own behalf, but was a witness for Donaldson.

2.   As to alleged errors 29, 30, and 31, it is only necessary to say that it appears that the court was strictly technical in sustaining the objections to the questions referred to, and too much technicality and restriction is not to be recommended when it is evident from the connection what the question plainly means to a person of ordinary understanding.

3.   Defendants assigned error (7, 8, 9, 10, 13, and 14) in that the court refused to allow certain questions to be asked of the ex-convict Hand, a witness for the state. The evidence tends to show that he was friendly to the prosecution and hostile to the defendants, or one of them at least; that he was visited in the penitentiary by the prosecuting witness Webster, and taken into the employ of the latter; and the questions were very proper, as likely to educe evidence from Hand showing his relations to the prosecuting witness and his animus in the case. Nothing is more important in a felony case than that each party should be allowed to thoroughly cross-examine the adversary's witnesses. Again, we say that full cross-examination, within reasonable limits, must be permitted. The court erred to the prejudice of the defendants in this matter in this case. The court erred, as said in assignments 11 and 12, but afterwards the witness testified in cross-examination as to these points, and

the errors appear harmless. (*Cobban* v. *Hecklen, ante,* p. —, 70 Pac. 805.)

4.   Alleged errors 35, 36, and 40 are well assigned.   The court erred in permitting the impeaching witnesses to testify to the use or nonuse of the words "certain things" by Webster to Broadbent, for the reason that these words were not used by the defendant Broadbent as words actually spoken by Webster, but as characterizing things narrated by him as actually said to him by Webster.   Broadbent testified that Webster mentioned matters which he said Webster wished him to swear. to, and after narrating them he lumped them as the "certain things" that Webster wished to be told.   He did not say that Webster used the words "certain things."   No foundation was laid for the questions asked, and the objections should have been sustained.

5.   Assignments of error Nos. 2 and 3 are not tenable.   As to assignment No. 16, considering the answers of the witness on cross-examination as to the same matter, we find no error.

6.   We discover no error as suggested in assignment 41.   The defendant Donaldson testified concerning the matter under consideration, and the evidence complained of was proper in opposition.

7.   As to refused instruction "g," we find it substantially covered, and there was no error assigned.

8.   Refused instruction "d" should have been given.

9.   Assignments 49 and 50 are not well taken.   We see no prejudice to the defendants.

10.   It is not necessary to consider the matter of newly discovered evidence on motion for a new trial, as the case must be reversed for the reasons heretofore stated.

The order denying the motion for a new trial and the judgment are reversed, and the cause is remanded.

*Reversed and remanded.*

MR. JUSTICE PIGOTT concurred in the reversal, but retired from the bench before the preparation of this opinion.