11702

STATE v. CARSON

(126 S. E., 755)

1. WITNESSES—DEFENDANT, WHO TAKES STAND, WAIVES CONSTITU-
TIONAL PRIVILEGE OF NOT BEING COMPELLED TO TESTIFY AGAINST
HIMSELF.—Defendant, who elects to take stand in his own behalf,
waives constitutional privilege of not being compelled to testify
against himself.

2. WITNESSES—DEFENDANT, WHO TAKES STAND, SUBJECT TO RULES
GOVERNING CROSS-EXAMINATION OF ORDINARY WITNESSES.—Defend-
ant, who takes stand as witness in own behalf, assumes position of
any ordinary witness, and is subject to rules which govern cross-
examination of ordinary witnesses in testing credibility.

3. WITNESSES—DEFENDANT CANNOT BE CROSS-EXAMINED AS TO INVOLUN-
TARY CONFESSION.—Defendant, who has taken stand in own behalf,
cannot be cross-examined concerning alleged confession, excluded as
involuntary by Court in presentation of state's case.

4. WITNESSES—CAN BE IMPEACHED ONLY AS TO MATTERS WITHIN LEGIT-
IMATE SCOPE OF CROSS-EXAMINATION.—A witness can be impeached
only as to matters within the legitimate scope of cross-examination.

5. WITNESSES—MAY NOT BE IMPEACHED BY INCOMPETENT EVIDENCE.—
A witness may not be impeached by incompetent evidence.

Before TOWNSEND, J., Colleton, 1924. Reversed and remanded.

Fred Carson was convicted of selling and possessing whiskey, and he appeals.

*Mr. R. M. Jeffries* for appellant.

*Mr. Randolph Murdaugh, Solicitor,* for the State.

February 28, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant was convicted of selling whiskey and of "having whiskey in his possession." From the judgment entered he appeals.

In presenting the case for the State in Chief the Solicitor offered testimony to establish that the defendant had made

incriminating statements, in the nature of a confession, out
of Court. The trial Judge excluded the testimony on the
ground that the alleged confession was not shown to have
been voluntarily made. The defendant having taken the
stand, the Court permitted the Solicitor, over the objection
of defendant's counsel, to cross-examine the accused fully
and in detail as to the alleged confession. While defend-
ant's answers to the Solicitor's interrogatories were evasive,
the tendency of the testimony thus adduced was to prove
that defendant had made statements tantamount to a con-
fession as the result of promises made him by officers of the
law, etc. The one question raised by the appeal, which it
is necessary to consider, is thus accurately stated by respond-
ent's counsel:

"Whether it is permissible on cross-examination to ques-
tion a defendant, who has gone on the stand as a witness
for himself concerning an alleged confession which had been
ruled out by the Court in the presentation of the State's
case."

It is well settled in this jurisdiction that when the
accused in a criminal trial, elects to take the stand
as a witness in his own behalf, he waives his con-
stitutional privilege of not being compelled to testify against
himself, and that his voluntary offer of testimony upon any
fact is not only a waiver as to all other relevant facts, but
extends to facts which merely affect credibility. He as-
sumes the position of any ordinary witness, "and is subject
to the rules which govern the cross-examination of ordinary
witnesses in testing credibility." *State v. Williamson*, 65
S. C., 242, 245; 43 S. E., 671, 672. *State v. Mitchell*, 56
S. C., 532; 35 S. E., 210. *State v. Turner*, 36 S. C., 540;
15 S. E., 602. *State v. Merriman*, 34 S. C., 39; 12 S. E.,
619. *State v. Wyse*, 33 S. C., 582; 12 S. E., 556. *State
v. Robertson*, 26 S. C. 117; 1 S. E., 443. But the precise
question here presented seems not to have been passed on
in this State. It is a close question, upon which counsel's

briefs shed light of small candle power.   Respondent cites one authority to the point, appellant, none.

The question is one as to which there is a conflict of judicial opinion.   The rationale of the view, that an accused who offers himself as a witness may be cross-examined as to confessions not shown to have been voluntary, is thus well stated by the Massachusetts Court in *Com. v. Tolliver,* 119 Mass., 312:

"By availing himself of the right to take the stand as a witness, the defendant became a general witness in the case, subject to the same tests of truthfulness, and the same rules as to the examination and cross-examination as are applicable to all other witnesses.   Being sworn to tell the truth, the whole truth, and nothing but the truth, he waived all right to keep anything back, even in the case of questions, the answers to which would tend to criminate himself.   *   *   * Among the modes of impeachment, he, like any other witness, may be cross-examined as to a conflicting account of the matter given by him on some other occasion.   Such an inquiry may be gone into, not for the purpose of proving the truth of the former account, but as an impeachment of his credit as a witness.   *   *   *   He would still be at liberty to testify that his alleged confession was not true, and to offer such explanation as to the inducements and circumstances under which he gave it as. he may see fit."

That view has the support of the Courts of Alabama (*Hicks v. State,* 99 Ala., 169; 13 So., 375.   *Smith v. State,* 137 Ala., 22; 34 So., 396) and of Montana (*State·v. Broadbent,* 27 Mont., 342; 71 P., 1).   The contrary view has been taken by the Courts of other jurisdictions in the following decisions:   *People v. Yeaton,* 75 Cal., 415; 17 P., 544. *Harrold v. Oklahoma,* 169 F., 47; 94 C. C. A., 415; 17 Ann. Cas. 868, reversing 18 Okl., 395; 89 P., 202; 10 L. R. A. (N. S.), 604; 11 Ann. Cas., 878.   *Shephard v. State,* 88 Wis., 185; 59 N. W., 449.   *Jones v. State.* 97 Neb., 151; 149 N. W., 327.   *State v. Wilson,* 39 Nev., 298; 156

P., 929. *Cross v. State,* 142 Tenn., 510; 221 S. W., 489; 9 A. L. R. 1354. The rationale of the latter view is thus stated by Judge Sanborn in *Harrold v. Oklahoma, supra:*

"Now the confession of this defendant was incompetent evidence against him. Did the fact that he availed himself of the privilege accorded to him by this statute make it competent? If so, did that fact make all incompetent evidence admissible against him? Did it make the confession and all other facts tending to establish his guilt provable against him by hearsay? Did it make his disclosure regarding his guilt, if any, to his attorney for the purpose of his defense, admissible in evidence against him? All these questions must be answered in the negative, because the reason of the rule, and, therefore, the rule itself, apply with at least as much force to an involuntary confession after, as before, it is denied by the testimony of the accused. When it is offered by the prosecutor in chief, it is incompetent evidence to overcome the simple presumption of the defendant's innocence, because it is unworthy of belief. It cannot be more worthy of belief, or more competent to overcome both that presumption and the testimony of the defendant, after he has denied that he ever made it. \* \* \* The privilege granted to an accused person of testifying on his own behalf would be a poor and useless one indeed, if he could exercise it only on condition that every incompetent confession induced by the promises, or wrung from him by the unlawful secret inquisitions and criminating suggestions, of arresting or holding officers, should become evidence against him."

After careful consideration we are of the opinion 3-5 that the latter view, supported by the great weight of authority, embodies the sounder rule. The purpose for which the cross-examination in the case at bar was permitted does not distinctly appear. If the alleged confession, was inadmissible because involuntary, obviously, proof thereof would not become competent merely because the

witness from whom it was sought to elicit the proof was the accused.   If the purpose was to impeach the witness, the contention that the defendant, having submitted himself as a witness in his own behalf, thereby subjected himself to cross-examination and impeachment to the same extent as any other witness, is fully answered, we think, "by the familiar rules that a witness can be impeached only as to matters within the legitimate scope of cross-examination, and that no witness may be impeached by incompetent evidence."   *State v. Wilson, supra.*   See *State v. Brock* (S. C.), 126 S. E., 28.

The judgment of the Circuit Court is reversed, and a new trial ordered.

Messrs. Justices Watts and Fraser and Mr. Acting Associate Justice W. C. Cothran concur.

Mr. Chief Justice Gary and Mr. Justice T. P. Cothran did not participate.