10 So.2d 855

### BROWN v. STATE.

6 Div. 24.

Supreme Court of Alabama.

Dec. 17, 1942.

James H. Duncan, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

Appellant, Henry Brown, was indicted for the murder of Sylvia Russell by stab-

bing her with a knife. On his trial the accused was convicted of murder in the first degree and his punishment fixed at death.

The witnesses for the State, some of them testifying as eye-witnesses, gave evidence of a vicious and gruesome killing. The defendant's witnesses tended to show a quarrel between defendant and deceased growing out of ugly talk which defendant claimed deceased had spread about him, leading to a fight in which deceased struck or attempted to strike the first blow.

Admittedly defendant fled and was arrested some months later in the State of Texas. Defendant took the stand as a witness in his own behalf. On cross-examination, the State exhibited to witness a signed statement purporting to be a confession made by defendant to the sheriff at Richmond, Texas. Defendant, after admitting his signature to the document, was asked if he was not warned that he need make no statement, and, if he did, it might be used against him as evidence, and following such warning, he made the statement. Witness answered: "I do not know anything about that."

Thereupon, the solicitor proceeded to question the witness, touching his several alleged statements made to the Texas sheriff, using the paper as a memorandum on cross-examination. Defendant objected on the ground that no predicate had been laid showing the statement was voluntary.

The solicitor advised the court: "I am not offering this as a confession * * * but for purposes of cross-examination to see if he has made statements at any other time different from the statement he makes on the stand here now, that is the object and purpose." The court overruled objections and the solicitor proceeded to question the witness at length touching alleged statements made to the sheriff.

These alleged statements in Texas were largely in accord with the witness's version given on the stand, but in some material matters tended to contradict his statements as a witness. He admitted making some of these latter statements and some he denied. Objections were duly made and exceptions reserved.

There was no other evidence touching the alleged confession, and the writing was not offered in evidence.

As well-known, confessions of guilt under the law of Alabama are deemed involuntary, and are inadmissible without first laying a predicate showing they were made in the absence of an inducement of hope or fear.

In some states where this rule prevails it is held the defendant, on becoming a witness for himself, cannot be impeached by cross-examination touching a confession out of court unless it first be shown the confession was voluntary. See Annotation, 9 A.L.R. 1358. But in Alabama and other states, it has long been declared that when the defendant becomes a witness in his own behalf, he submits himself to cross-examination as any other witness; and he may be cross-examined touching his statements out of court in conflict with his testimony, without a showing that such statements were voluntary and were, therefore, inadmissible as a confession. Hicks v. State, 99 Ala. 169, 13 So. 375; Smith v. State, 137 Ala. 22, 34 So. 396, 13 Am.Crim.Rep. 410; Kelly v. State, 160 Ala. 48, 49 So. 535; Maloy v. State, 24 Ala.App. 123, 130 So. 902; Daugherty v. State, 24 Ala.App. 591, 139 So. 439; State v. Broadbent, 27 Mont. 342, 71 P. 1; Com. v. Tolliver, 119 Mass. 312; 70 Corpus Juris 677; 28 R.C.L. 444.

On these authorities we hold there was no error in the rulings of the trial court. We have examined the record and find no error therein. The above is the only question calling for treatment. The judgment of conviction on the verdict of the jury and sentence pronounced thereon are affirmed.

The day for executing the sentence having passed, it is ordered that Friday, the 5th day of March, 1943, be and is hereby set for executing the death sentence.

Affirmed.

All Justices concur.