(No. 33008.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HAROLD HILLER *et al.,* Plaintiffs in Error.

*Opinion filed March 17, 1954.*

JOSEPH B. QUINN, of Chicago, for plaintiffs in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

An indictment returned to the criminal court of Cook County charged Harold Hiller, age 20, and Ralph Liljeblad, age 19, with the forcible rape of a young woman 18 years of age. After a trial before the court, without a jury, they were found guilty and each was sentenced to the penitentiary for a twenty-five-year term. This writ of error is prosecuted to review the judgment and sentences, with defendants assigning as error that they were not proved guilty beyond all reasonable doubt, that the prosecutor made prejudicial and inflammatory remarks in his closing argument, and that the court erred in admitting evidence of a purported confession.

Although the view we take on this appeal requires no consideration of the facts relating to the alleged crime, it should be noted, as all too often recurs, that the scene for its occurrence was set when the prosecutrix, in a tavern and at 2:00 o'clock in the morning, accepted a ride home with two young men completely unknown to her. It is not denied that the car was driven to a lonely road, that

each defendant had sexual intercourse with her in the front seat and that the prosecutrix was not otherwise injured or harmed. The theory of the defense was that the prosecutrix submitted willingly to both men without complaint or resistance, while that of the prosecution was that she was violated by means of force and threats under circumstances where greater resistance on her part would have been useless or dangerous. After the occurrence the prosecutrix was driven to the vicinity of her home and, upon arriving there, immediately telephoned the police who came to investigate her complaint at about 4:00 A.M. Subsequently the defendants were apprehended, were identified by the prosecutrix and, the record indicates, Liljeblad gave a written statement consisting of questions and answers to the police.

The statement taken by the police was not introduced into evidence nor was the officer to whom it was given called as a witness; however, when Liljeblad was cross-examined, the State's Attorney was permitted to read certain of the questions and answers from the statement and to ask the defendant if the questions had been put to him and if he had made the answers. When this mode of cross-examination was first pursued, and several times thereafter, defendants' counsel objected to any reading from the statement on the ground that it had been given under duress. In response to one question and answer read to him, Liljeblad made this reply: "I did make that answer but it was a forced statement. I did not want to make that statement," and in another instance he stated: "I had to submit to that answer." The court, however, overruled counsel's objections and admitted the passages from the statement in evidence without inquiring into its voluntary or involuntary nature. Defendants now contend that this action of the court constitutes reversible error.

While the People admit the established rule relating to a hearing on the admissibility of an alleged confession into

evidence, they say that the questions asked on cross-examination were not based on a confession, which implies that the matter confessed constitutes a crime, and, drawing upon language in *People* v. *Okopske,* 321 Ill. 32, at page 37, dealing with exculpatory admissions freely given, seem to imply the statement here was merely an acknowledgement of incriminating facts tending to establish guilt, given without any intention of confessing guilt, and could, therefore, properly be used for impeachment purposes without a preliminary hearing as to its admissibility. The weakness of such an argument is, first, that the statement, or confession as defendants term it, was not introduced into evidence and is therefore no part of the case or of the record before us, and, second, the distinction between a statement and confession contended for would seem to imply that an incriminating statement, even though coerced, would be admissible in evidence. Such an implication finds no support in the law or justification in the facts of this case. Indeed, this court held in *People* v. *Spranger,* 314 Ill. 602, that a written statement given to the police, though not a confession, was not admissible in evidence until it was shown to have been voluntarily given. Again, in *People* v. *Santucci,* 374 Ill. 395, and *People* v. *Colvin,* 294 Ill. 196, it is established that admissions by a defendant in a criminal case are not admissible in evidence unless freely and voluntarily given by the defendant.

The situation here is closely akin to that considered by this court in the recent case of *People* v. *Adams,* 1 Ill. 2d 446. There, as here, the prosecution was allowed to cross-examine the defendant from a statement which was not introduced into evidence and which defendant claimed had been made under coercion. After pointing out that defendant's testimony that he had signed a statement did not constitute testimony as to its contents so as to make the statement a part of the case, we said, (p. 451): "It cannot be contended that defendant's testimony that he signed a

coerced statement makes such statement competent for any purpose. The tenor of such testimony is that the statement is not the statement of the defendant and he certainly cannot be impeached by statements which the law refuses to recognize as his voluntary statements." Again, in *People* v. *Sweeney,* 304 Ill. 502, and *People* v. *Maggio,* 324 Ill. 516, where the impropriety of such cross-examination from allegedly coerced statements not in evidence was considered under almost the same circumstances, we held that since the supposed confessions themselves were of no probative value and incompetent as evidence, it was equally incompetent to permit the introduction of a part of them indirectly by reading from the written statements and compelling the defendants to answer whether they had made those statements.

Here, as in the cited cases, the alleged statement or confession is no part of the case, and all the record shows is that Liljeblad admitted making a statement, which he testified was forced. If defendant's testimony is true, and there is no denial of it, his statement was not made freely and voluntarily but was obtained by force and the answers put down were not those that he wished to give. With the record in this state, the statement, or confession, of the defendant was not competent for any purpose unless and until its voluntary nature was established. It was, therefore, error for the court to permit the prosecution to cross-examine from the statement and thereby achieve indirectly what it could not do directly.

Relying upon *People* v. *Smith,* 391 Ill. 172, the People further seek to justify the cross-examination of Liljeblad, by asserting that it is always competent to show, for impeachment, that a witness, even though he be the defendant, has made statements concerning material matters at another time, inconsistent with his testimony on the stand. A similar contention was unsuccessfully made in *People* v. *Adams,* 1 Ill. 2d 446, and under the circumstances of this

case we must also hold that the rule has no application where there is an undetermined claim that the prior statements or admissions of a defendant were given under force and duress. To hold otherwise would destroy the guarantees of due process of law which protect an accused from the use of confessions, statements or admissions obtained by force, coercion or violence.

For the error discussed, the judgment of the criminal court of Cook County is reversed and the cause remanded for a new trial. *Reversed and remanded.*