LADNER *v.* STATE

No. 40525 June 3, 1957 95 So. 2d 468

*Carl E. Berry, Jr.,* Hattiesburg, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

Nelson Ladner, appellant, was convicted of burglarizing Irving Sackler's Army Surplus Store in Hattiesburg, Mississippi. Appellant, age 17, two other boys and two girls went to Bogalusa, Louisiana during the afternoon of December 27, 1956, where the boys procured a quantity of whiskey, beer and wine. Appellant had already consumed some beer before going to Bogalusa. The boys continued to drink intoxicants. They stayed in

Bogalusa until sometime in the evening when they returned to Hattiesburg and continued to ride around in an automobile driven by one of the boys other than appellant. It is not clear from the record who suggested doing so but around 11:00 o'clock P. M. they stopped the automobile across the street from the Army Surplus Store and appellant walked across the street and broke the show window of the store and took therefrom a quantity of knives, some of which he gave to the other boys and girls. Proof of the actual breaking of the window and the taking of the knives is ample, as shown by the direct testimony of one of the boys and the two girls who stayed in the automobile when appellant broke the window and got the knives therefrom. Appellant had been drinking since about ten o'clock that morning, staggered when he went to the window, and talked like a drunk person when the act was done.

On this appeal, appellant raises two questions: (1) Whether the trial court erred in admitting a second confession made the day following a previous one which was inadmissible because it was involuntary, when the State made no attempt to show that the influences and inducements that rendered the first confession inadmissible had been removed and withdrawn; and (2) that appellant was either entitled to a directed verdict of not guilty or the case should be reversed as being against the overwhelming weight of the evidence because, he contends, the proof showed that appellant was so drunk that he did not have the capacity to form the specific intent necessary to constitute the crime charged.

The Army Surplus Store was broken into and the knives taken on the night of December 27, 1956. Appellant was arrested on January 1, 1957, and made a written confession on the afternoon of January 2. The State attempted to offer this confession when offering its case in chief, and, after a preliminary hearing to

determine whether the confession was voluntary, the court sustained appellant's objection. The trial judge ruled that he was not convinced beyond a reasonable doubt that the confession was free and voluntary. After appellant had confessed to the city police, he was transferred from the city jail, where he had been held since arrest, to the county jail. The next morning appellant made another statement or confession to two deputy sheriffs. The court admitted the second confession, which was oral, without making any attempt whatever to show that the influences and inducements which rendered the first confession inadmissible had been removed and withdrawn.

The admission of the second confession as such was error. We have held in several decisions, notably Barnes v. State, 199 Miss. 86, 23 So. 2d 405, that the influences and inducements which rendered a previous confession inadmissible as not being free and voluntary are presumed to continue in operation at the time of a subsequent confession made shortly thereafter, unless such influences are clearly shown to have been removed or the promises and inducements have been withdrawn. Barnes v. State, supra, is directly in point here as no attempt was made by the State to meet the requirements for the admission of a second confession made shortly after a previous one which was not admissible because not voluntary.

The manner in which the second confession was offered and admitted raises the question whether an involuntary confession may be admitted for purposes of impeachment. Appellant took the stand on his own behalf, and the district attorney questioned him about the second confession. On rebuttal, the State introduced the deputy sheriff, to whom the second involuntary confession was made, who testified that appellant made the confessory statement the morning following his transfer to the coun-

ty jail. The statement attributed to appellant was in part inconsistent with appellant's testimony.

■■■ The great weight of authority supports the rule that a defendant in a criminal prosecution who is a witness in his own behalf cannot be compelled on cross-examination to testify as to statements made by him out of court which amount to a confession of the crime, unless it first be shown that the confession was voluntary; despite the fact that the evidence is offered by the prosecution not as a confession, but merely as a contradictory statement, for the purpose of impeaching the defendant as a witness in his own behalf. Anno., 9 A. L. R. 1358; 58 Am. Jur., Witnesses, Par. 773, p. 423; Wharton's Criminal Evidence, 11th Ed., Sec. 605, p. 1010; Ibid., 12th Ed., Sec. 360, p. 68; People v. Hiller, 2 Ill. 2d 323, 118 N. E. 2d 11. A small minority of jurisdictions hold to the contrary. Brown v. State, 243 Ala. 529, 10 So. 2d 855; State v. Fisher, 108 Mont. 68, 88 Pac. 2d 53; Com. v. Tolliver, 119 Mass. 312.

This question seems to be a novel one in this jurisdiction. If the minority rule has any merits to justify it, they are not discernable to us. ■■ On the contrary, there are compelling reasons to commend the majority rule. ■■■ The admission of an involuntary confession is a denial of the guarantees of the due process of law. The reasons for excluding as evidence an involuntary confession apply with equal force when the confession is offered for purposes of impeachment. The confession is just as prejudicial and just as incompetent when offered in the one way as in the other. ■■■ The fact that the defendant takes the stand in his own behalf does not make incompetent evidence admissible against him. In principle the State should not be permitted to make any use whatever of an involuntary confession. To hold otherwise would permit the State to use every confession, however involuntary, whenever the accused takes

the stand in his own defense, simply by questioning the accused about it; and if admitted by the accused the statement comes from him, and if he denies it, the State proves it by way of impeachment.

■■■ The other assignment of error was that the evidence showed appellant was so drunk that he was unable to entertain the specific intent necessary to constitute the crime charged. But under the evidence, this was a question for the jury. Appellant was given the benefit of liberal instructions on the question whether he was too drunk to form the specific criminal intent to steal the property as set out in the indictment. The second assignment is not well taken. Cf. Edwards v. State, 207 Miss. 328, 42 So. 2d 230.

Reversed and remanded.

All Justices concur, except *McGehee, C. J.*, who took no part.