We provisionally granted the State's petition for a writ of certiorari to consider that aspect of the opinion of the Court of Criminal Appeals dealing with the requirement of voluntariness of an inculpatory statement used to impeach. That opinion prohibits the introduction into evidence of such a statement made by an accused during an in-custody interrogation "unless the predicate of trustworthiness or voluntariness is established."
Our review of the decisions of the highest court in the land convinces us that the Court of Criminal Appeals is correct, and that the record of the trial in which such a statement is used must affirmatively show that it was made voluntarily, that is, without coercion or other inducement.
The broad exclusion of in-custody statements of an accused made without the Miranda warnings (Miranda v. Arizona,384 U.S. 436, at 476, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) was narrowed in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643,28 L.Ed.2d 1 (1971), characterizing as dicta the expressions of the Miranda court which would have precluded the use of such statements for impeachment purposes. We are in accord with this position since the Miranda confessions appear to have been introduced as part of the prosecution's cases in chief only.After noting that the petitioner made no claim that thestatements were involuntary or coerced, Harris continued at page 224, 91 S.Ct. at page 645:
. . . It does not follow from Miranda that evidence inadmissible against an accused in the prosecution's case in chief is barred for all purposes, provided of course that the trustworthiness of the evidence satisfies legal standards. (Emphasis added.)
That Harris did not authorize impeachment by such a statement without a foundation of voluntariness is established by a later United States Supreme Court decision, Oregon v. Hass,420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975). In Hass, the Miranda
warning was fully given after which the accused expressed a desire to telephone his lawyer and was told he could do so later. Following his testimony at his trial, certain inculpatory statements made by the accused were introduced by a police officer who questioned the accused after his request to consult his lawyer. These statements contradicted portions of the accused's testimony and were admitted only for the bearing they would have on the accused's credibility. The United States Supreme Court, expressly applying the rule and restriction ofHarris, sanctioned the use of such statements as impeachment evidence adding at page 1221 of 95 S.Ct.:
 We are, after all, always engaged in a search for truth in a criminal case so long as the search is surrounded with the safeguards provided by our Constitution. There is no evidence or suggestion that Hass' statements to Officer Osterholme . . . were involuntary or coerced. . . . (Emphasis added.) *Page 744 
It is a fair inference from this language that evidence of coercion would have precluded the use of such statements. We agree with that court that to make such statements totally inadmissible would "pervert the constitutional right into a right to falsify free from the embarrassment of impeachment evidence from the defendant's own mouth." Ibid. We also conclude from the mandate of that court that such statements are admissible for an impeachment purpose only upon a predicate establishing that they are free from coercive or involuntary influences. The circumstances accompanying the making of the inculpatory statement will determine the extent to which this foundation must be established, e.g., a "threshold" confession may, indeed, require evidence of a different voluntary setting than an in-custody statement. Cf. Tillison v. State, 248 Ala. 199, 27 So.2d 43 (1946).
Miranda, Harris and Hass appear to have concerned statements which would have been admissible as part of the prosecution's case in chief, that is, not only direct confessions of guilt but inculpatory admissions in the nature of confessions which tend to connect the accused directly with the crime charged. It is also to such statements that the opinion of the Court of Criminal Appeals was directed and to which we have addressed ourselves in this opinion.
To the extent that they are inconsistent with these views, the cases of Brown v. State, 243 Ala. 529, 10 So.2d 855, andBates v. State, 52 Ala. App. 257, 291 So.2d 351, must be considered overruled on the authority of the United States Supreme Court.
AFFIRMED.
All the Justices concur.