HUBERT TAYLOR, Judge.
James Wall Whetstone was tried for and convicted of the murder of his former wife by shooting her with a pistol. The trial court, subsequently, sentenced the appellant to life imprisonment.
It is undisputed that the appellant shot and killed Rebecca Whetstone on November 1, 1981. The appellant testified, at trial, that he shot his former wife during an argument. He had drawn his pistol when she approached him with an object in her hand after returning from an area of the kitchen where the butcher knives were kept. According to the appellant, “she was coming toward me and I was going toward her.” “When I got right here with that gun on her like that she swung around with her left hand and slapped me, ... and the gun fired.”
On cross-examination the state had the appellant read into evidence a statement, somewhat inconsistent with his trial testimony, which he had given Sheriff Evans of the Coosa County Sheriff’s Department pri- or to trial. In pertinent part appellant’s pre-trial statement was that during the argument, his former wife “went to the kitchen and started toward the drawer where the butcher knives were kept.” “I reached up on the shelf in the living room where I kept my pistol and picked it up and took about two steps toward the kitchen and shot her.”
The sole issue on this appeal is the admissibility of appellant’s pre-trial statement, which omitted some of the defensive matter explained by the appellant at trial. The appellant argues that the admission of the pre-trial statement was reversible error because it was admitted without establishing the proper Miranda predicate outside the presence of the jury. This argument is without merit.
On cross-examination of the appellant after he had testified concerning the shooting, the following occurred:
“MR. HILL [Prosecuting Attorney]: We move to introduce State’s Exhibit Twenty-one [appellant’s pre-trial statement to Sheriff Evans] into evidence.
“MR. MORRIS [Defense Attorney]: We have no objection, put it in and let the Jury read it.
“THE COURT: All right, by stipulation between Counsel State’s Exhibit Twenty-one is admitted into evidence.”
Immediately, thereafter, by agreement between counsel, the appellant, himself, read his pre-trial statement to the jury. In light of this “stipulation between Counsel” the trial court did not err in admitting appellant’s pre-trial statement.
Moreover, even in the absence of a stipulation, appellant’s pre-trial statement would have been properly admitted. Alabama now follows the rule established in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), and confirmed in Oregon v. Haas, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975), that pre-trial statements are admissible for impeachment purposes without laying a complete Miranda predicate provided, however, that there is an affirmative showing that such statements were voluntarily made. Campbell v. State, 341 So.2d 742 (Ala.1976), affirming, 341 So.2d 735 (Ala.Cr.App.); Johnson v. State, 398 So.2d 393 (Ala.Cr.App.1981).
It is undisputed that the prosecution introduced appellant’s pre-trial statement on cross-examination of appellant for impeachment purposes. Furthermore, there was evidence that would have supported a trial court determination that the pre-trial statement was voluntarily made.
The appellant contended that his pre-trial statement was involuntary because it was made in exchange for Sheriff Evans’s promise that he would reduce appellant’s bond. However, the appellant admitted that before he made the statement he had been advised of his Miranda rights several times and had signed a waiver of rights *228 form. He also admitted that no one had threatened him to force him to make a statement. Sheriff Evans stated, on rebuttal, that he never told the appellant that his bond would be lowered if he made a statement. This rebuttal testimony by Sheriff Evans, even though it was not given until after the statement had been presented to the jury, would have supported a trial court determination that appellant’s statement was voluntary, and would have, thus, cured any error in admitting the pre-trial statement before the voluntariness predicate had been established. See, Crenshaw v. State, 225 Ala. 346, 142 So. 669 (1932); Twymon v. State, 358 So.2d 1072 (Ala.Cr.App.1978).
For the foregoing reasons, this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.