ILLINOIS CENTRAL RAILROAD COMPANY v. WILLIAM SCHULTZ.

[39 South. Rep., 1005.]

1. RAILROADS. *Injury to person near track. Explosion of torpedo.*

Where a torpedo, placed on a railroad track by a servant of the railroad company, exploded and injured a pedestrian traveling a public highway parallel with and near the track, the company is liable therefor.

2. APPEAL. *Sufficiency of evidence.*

The supreme court will vacate a verdict and judgment as not supported by evidence only where the want of such support clearly appears from the record.

FROM the circuit court of, first district, Tallahatchie county. HON. SAMUEL C. COOK, Judge.

Schultz, the appellee, suing by his next friend, was the plaintiff in the court below; the railroad company, the appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

A train of the appellant company had been wrecked at the village of Oakland, and it became necessary to clear the main track of the wreckage in order to restore the track to proper condition for travel. The wrecking train had been ordered to the point and had been at work. To guard against collision with other trains, a flagman was sent to warn south-bound approaching trains, and a torpedo was also placed on the track about one thousand feet north of the point where the wreck was being cleared away. The torpedo was admittedly a dangerous explosive, and was used for the purpose, when exploded by being run over by an approaching engine, of serving as a warning of danger. At the time of the accident the main track had been placed in proper condition for travel, but the wreckage had not all been cleared away. Schultz, a boy about thirteen years of age, was going north from the station to his work, walking along

the public road near the railroad track. A north-bound train, after passing the point from which the wreckage had been removed, exploded the torpedo, and by such explosion injured the appellee, who was walking near the track. The rules of the railroad company forbade the placing of a torpedo in proximity to a building or public thoroughfare.

*J. M. Dickinson,* and *Mayes & Longstreet,* for appellant.

The company is not liable even in those accidents which occur where it appears that neither party is particularly to blame, and in such case the railroad company is not liable, even to persons who are not trespassers, for such accidental injury. Cases illustrating accidents of this nature may be found as follows: 14 Am. & Eng. Ency. Law, 890; *Gassaway* v. *Railroad Co.,* 69 Ga., 347; *Schultz* v. *Railroad Co.,* 67 Wis., 616; *Kuhn* v. *Railroad Co.,* 70 Ia., 561; *Ketteringham* v. *Railroad Co.,* 62 Ia., 82; *Steffen* v. *Railroad Co.,* 49 Wis., 259; *DeFord* v. *State,* 30 Md., 179; *McHenry* v. *Marr,* 39 Md., 510.

The verdict in this case was absolutely against the weight of testimony; and even giving the verdict of the jury all due regard, we cannot treat as settled the fact that Schultz was a traveler on a public street, and as such entitled to protection.

There being no negligence of any sort, and certainly no willful or wanton negligence, there can be no recovery by plaintiff, who was practically a trespasser. *Williams* v. *Railroad Co.,* 69 Miss., 631 (s.c., 12 South. Rep., 957); *Railroad Co.* v. *Anola,* 78 Miss., 787 (s.c., 29 South. Rep., 768); *Howell* v. *Railroad Co.,* 75 Miss., 242 (s.c., 21 South. Rep., 746).

*Dinkins & Caldwell,* for appellee.

Appellant's counsel in their brief confine themselves to those cases in which the courts undertake to define the duty owed by railroad corporations to trespassers or licensees on their tracks or right of way, with much ingenuity avoiding the certain conclusion that the jury found that the plaintiff was neither a

licensee nor a trespasser, but was lawfully in a public street, when injured.

The cases cited by counsel upon avoidable accident have no application here. The injury was the result of the explosion of a dangerous signal torpedo, which the defendant used at its own risk except as to such injuries as might occur on its own right of way when the torpedo was used for necessary signaling purposes, and without willful intent or reckless disregard of the rights of others.

The test that should be applied to distinguish between cases of accident in which no liability is incurred and those of trespass, for which the defendant must answer, is as to whether or not the force that caused the injury was voluntarily set in motion. In this case the act that caused the injury was voluntary. The torpedo was placed on the track to be exploded; it was not an accident, but a voluntary act, and one committed in violation of defendant's own rules. *Euting* v. *Chicago, etc., R. Co.,* 116 *Wis.,* 13 (92 N. W., 358; 96 Am. St. Rep., 936); *Harriman* v. *Pittsburg R. Co.,* 45 Ohio St., 114 (4 Am. St. Rep., 507); 56 N. Y. St., 1117); *Sullivan* v. *Dunham,* 55 N. E., 923 (161 N. Y. St., 290); *Bradford Glycerine Co.* v. *St. Mary's Woolen Mfg. Co.,* 54 N. E., 528 (60 Ohio St., 560).

TRULY, J., delivered the opinion of the court.

If the appellee's story be true, the torpedo, the explosion of which caused the injury, was placed near a public highway running parallel with the railroad, and he, while on such highway, lawfully enjoying the privileges of a pedestrian, was injured without negligence on his part. It is conclusively shown that it would be a violation of the rules of the railroad company, on account of the known danger of the explosive used, to place a torpedo in proximity to a building or public thoroughfare. It is contended by the appellant that the torpedo was placed on the track at a point distant from any highway or building, and

that the appellee, when injured, was a trespasser or licensee, walking within a few feet of its roadbed, and was injured without negligence on the part of the appellant or its employes.

If the story of the appellee be true, and the torpedo was wrongfully placed within the prescribed distance of a highway and negligently exploded, the legal liability of the railroad company is unquestionable. Counsel for the appellant do not seek to controvert this proposition. Their contention is that the appellant's statement of the case is sustained by the proof, and that the verdict for appellee was not justified by the evidence. If this be true, a different legal proposition might control. But in the condition of this record we are unable to say, with that degree of certainty requisite to authorize us to reverse a finding of fact by a jury, that the conclusion in the instant case is without the support of evidence. The record throughout contains repeated references to a diagram or map which was presumably used on the trial and by which the actors and places were located. But no such map is in the record, and the references to persons and to localities are so vaguely stated, and they otherwise appear so indefinite, that we are unable to substitute our own judgment upon the facts for that of the jury and declare that the verdict is manifestly wrong. Therefore, under the general rule, we must treat the finding of the jury as correct. For this reason, and without any reference to the propositions of law stated by counsel for appellant, we affirm the judgment.

*Affirmed.*