EDWARDS *v.* STATE.

(Division A.  May 3, 1937.)

[174 So. 57.  No. 32617.]

Earl L. Wingo, of Hattiesburg, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

698

Smith, C. J., delivered the opinion of the court.

The appellant, a sixteen year old youth, was convicted of stealing an automobile over $25 in value and sentenced to the penitentiary. His defense was that he was so intoxicated at the time he is said to have taken the automobile as to be incapable of having, and so did not have, the specific intent to steal it. The court below charged the jury for the state that "voluntary drunkenness is no defense to crime."

Drunkenness is at least quasi criminal, and if a person while voluntarily drunk commits a criminal act, the drunkenness supplies the criminal intent, except where a specific intent is necessary to constitute the crime charged. This rule is aptly illustrated in the law of homicide. At common law, homicide is separated into two classes—murder and manslaughter—in neither of which is a specific intent to kill necessary, consequently voluntary intoxication is no defense thereto. 1 Bishop, Crim. Law (9 Ed.), sec. 401. So say practically all the English and American authorities, in which connection see Kelly v. State, 3 Smedes & M. 518; Gordon v. State (Miss.), 29 So. 529; Butler v. State (Miss.), 39 So. 1005;

Melton v. State, 155 Miss. 659, 124 So. 802. "But where murder is divided by statute into two degrees, and to constitute it in the first degree there must be the specific intent to take life, if by reason of being too deeply intoxicated the accused person could not have had, so did not have, this specific intent, the murder is not in the first degree." 1 Bishop, Crim. Law (9 Ed.), section 409, and authorities there cited, including Hopt v. People of Utah, 104 U. S. 631, 26 L. Ed. 873.

. One of our statutory definitions of "murder" is "the killing of a human being, without the authority of law, . . . when done with deliberate design to effect the death of the person killed, or of any human being." Code 1930, sec. 985. In Kelly v. State, supra, the appellant was tried on an indictment for murder, but convicted of manslaughter, and in holding that drunkenness is no defense to manslaughter the court said: "The fact of the party being intoxicated, has, indeed, been holden to be a circumstance proper to be taken into consideration, where the sole question is, whether an act was premeditated, or done only with sudden heat and impulse."

"Larceny is analogous to murder in the first degree. A mere intentional trespass to another's goods does not constitute it, but the specific intent to steal must be added. So that if one without the intent to steal becomes too drunk to entertain it, and in this condition takes another's goods, and relinquishes them before the intent could arise, or returns them the instant his restored mind has cognizance of the possession of them, there is no larceny. Since the animus purandi is an essential element of the crime the accused may show as a defense that at the time when he committed the acts which otherwise would constitute larceny he was too drunk to have such an intent." Bishop, op. cit., section 411.

The evidence discloses, in substance, that the appellant and three others were riding at night in a taxicab owned by the employer of the driver thereof; on being

requested to stop, the driver did so, whereupon the appellant struck him on the head with an empty whisky bottle, and he (the driver) either got out of the cab or was put out by the other persons therein. The appellant then seated himself at the wheel of the cab and drove it away. This occurred about 7 o'clock at night. Early the following morning the cab was found parked about four city blocks from the residence of the appellant's mother with whom he lived. Immediately thereafter a police officer went to his residence, found the appellant there asleep in bed with his clothes on, and arrested him. The driver of the taxicab said that the blow he received knocked him unconscious, and the next thing he remembered was that he was alone at the place where he had stopped the cab at the request of the other parties therein.

There was ample evidence for the jury to find that the occupants of the cab, other than the driver, were drinking whisky heavily, and according to the evidence of the appellant himself he was so intoxicated at the time that he did not know what he was doing and had no recollection whatever about it. There is no evidence that he had formed any intention to steal the automobile prior to becoming drunk, and if, while in that condition, he parked the car, went to sleep, and did not wake up until the owner had recovered the automobile, all of which on the evidence was a question for the jury, then he is not guilty of the crime of larceny.

The instruction complained of erroneously eliminated from the jury any consideration whatever of the appellant's evidence as to his drunkenness—the extent and effect thereof.

Reversed and remanded.