EDWARDS v. STATE.

In Banc. Oct. 10, 1949.

No. 37184  (42 So. (2d) 230)

Earl L. Wingo, for appellant.

R. O. Arrington, Assistant Attorney General, for appellee.

**Smith, J.**

Appellant was indicted for grand larceny of a taxicab, convicted, and appealed.

Complaint is made here of the refusal of certain instructions, and that the verdict of the jury was against the overwhelming weight of the evidence, in that the State failed to establish sufficiently that appellant was sober when it is charged he formed the intent to steal the car.

As to the first assignment of error, it is urged that appellant should have been given three refused charges. Two of them were to the effect that if the jury believed from the evidence that when appellant entered the taxicab he had no intention to steal it, and when he did so he was drunk, the verdict should be "not guilty". However, without passing upon the correctness vel non of these two refused instructions, their refusal by the court, even if conceded to be correct announcements of the law, was

not prejudicial, because appellant was granted the following instruction:

"The court charges the jury that, under the law, a specific intent to steal is an essential element of the crime of larceny. That the accused has the right to show, if he can, by himself and his witnesses, that he was too drunk to have such an intention when he committed acts which would, otherwise, be larceny. Therefore, you have the right, in considering the question of his guilt or not, to consider any testimony of the defendant, if any, and his witness, if any, on the question of whether he was too drunk to form the criminal intent to commit the crime of larceny."

The foregoing instruction embodied appellant's entire theory of defense, which was thereby submitted to the jury for consideration. The other two were immaterial variations. Koestler et al. v. Burton, Miss., 41 So. (2d) 362.

The third instruction was properly refused, because, if it had been granted, the jury would have thereby been told "that there is no evidence in this case of an intent, on the part of the defendant to steal the automobile prior to becoming intoxicated, if he became intoxicated." There was such evidence, and that brings into focus the assignment that the verdict of guilty was against the overwhelming weight of the testimony.

The appellant was first a passenger in a green taxicab driven by defense witness, Todd, who drove him from his nephew's home to the Spic Club, where he entered the yellow cab. Todd testified that he was drunk, but not so drunk he did not know what he was doing. Appellant's nephew also testified that while at his home, appellant was drunk but not so drunk that he did not know what he was doing. The nephew's wife, a witness for the defendant, said he was "sloppy drunk", and had to be assisted down the walk and into the green cab, but as to this she was flatly contradicted by her husband, and

emphatically contradicted by defense witness Todd. She also said he was too drunk to drive a car, later refuted by the fact that he did drive the taxicab away from the scene of the larceny without traffic injury to it.

The driver of the stolen yellow cab testified that appellant was not drunk, altho drinking; that he knew what he was doing,—purchasing groceries and discussing the purchase of tires at a service station. His intention to steal the car was manifested when he lured the taxi driver to the isolation of remote McCollum's bridge on the false pretext that he had friends fishing there who would lend him the money to pay his fare, after he had been refused credit for same. What occurred there was told by the driver of the stolen car: "We both stepped out of the car, . . . and just looked around, and he started toward the driver's side to get in, apparently, and I suspicioned something and I stepped between him and the car and he gave me a little push like that (demonstrating), not as if to hurt me, but just as if to get me out of the way and pushed me off a little embankment. I fell about three feet, and before I could get back he got in the car and drove off." Apparently no one, appellant's friends or others, was at McCollum's bridge.

Subsequently, when the cab was finally recovered, it was uninjured except that certain wires leading to a neon advertisement on the back thereof had been cut, and the ends wrapped in rags to prevent shorting.

The case was submitted to the jury on conflicting evidence, and we think justified their verdict of guilty as charged. Certainly, we cannot say it was against the overwhelming weight of the testimony. Campbell v. Willard et al., Miss., 39 So. (2d) 483.

An odd incident of the case is that appellant in his brief cites an appeal to this Court from his former conviction of larceny of an automobile, wherein he obtained a reversal, as authority entitling him to similar success in the case at bar. Edwards v. State, 178 Miss. 696,174

332

So. 57, 58. In that case there was similarity to this case in the modus operandi. We there held that in a prosecution against occupant of taxicab for larceny, instruction that ''voluntary drunkenness is no defense to crime'' was reversible error as eliminating from the jury's consideration the extent and effect of occupant's evidence that he was intoxicated. We furthermore there said: ''There is no evidence that he had formed any intention to steal the automobile prior to becoming drunk, . . .''

Here, ▉▉ the evidence, both by the State and defense witnesses, with the exception of appellant himself and his niece-in-law, demonstrated that he knew what he was doing, even if it be granted that he was drunk, which itself is disputed. His actions also revealed that he knew what he was doing, and knowing what he was doing, necessarily sustains the conclusion that he was capable of forming an intent to do it. That he did form such an intent and proceeded to effectuate it at a time when he was not too drunk to intend to do what he did, we think is amply shown by the proof in the case.

Since we find none of the assignments of error well taken, the judgment of the trial court is affirmed.

Affirmed.