McPherson v. State.

In Banc. April 10, 1950.

No. 37538 (45 So. (2d) 589)

**Means Johnston,** for appellant.

**George H. Ethridge,** Acting Attorney General, for appellee.

**Hall, J.**

This is an appeal from a conviction of robbery and a penitentiary sentence of three years. The victim of the robbery was walking at night along a city street in Greenwood and as he passed a tree some one who had been hiding behind the tree struck him, knocked him to the ground, removed from his pocket a purse containing a $10.00 bill and a $5.00 bill and ran away. Two eyewitnesses to the attack flagged a police car, advised the officers what had happened, described the appellant, and pointed the officers to the direction in which he had fled. The officers gave pursuit, apprehended appellant a few blocks away, placed him under arrest, searched him and found a $10.00 bill and a $5.00 bill upon his person, and also found the victim's purse on the ground by the side of a store along the route which appellant had taken. They returned appellant to the scene of the crime, arriving there about the time the victim regained consciousness, and the two eyewitnesses immediately identified appellant, in his presence, as the robber; this identification was not disputed by appellant but he forthwith undertook to escape and it was necessary that he be sub-

dued by the officers which was accomplished by the use of the usual policeman's club.

 The trial court admitted evidence, over the objection of appellant, as to what occurred when appellant was returned to the scene and this is the basis of the first assignment of error which is directed particularly to the disclosure of the details of appellant's struggle with the officers. We observe in passing that upon direct examination the state witnesses did not go into detail in relating what occurred on that occasion, but these details were developed on cross-examination. Using the words of this Court in the case of Rosetto v. City of Bay St. Louis, 97 Miss. 409, 414, 52 So. 785, 786, this evidence was proper "not to show that appellant was guilty of another offense, but as throwing light on that question of his guilt of the crime for which he was arrested. His conduct at the time, and any statements he made, are competent for that purpose. If the appellant had requested it, the court should have instructed the jury as to the purpose for which such testimony was admitted." The case of Brown v. State, 171 Miss. 157, 157 So. 363, is also directly in point on this question and in our opinion this assignment is without merit.

 The only other assignment of error argued by appellant is that the verdict is contrary to the overwhelming weight of the evidence for the reason that he was so thoroughly drunk that he was incapable of forming an intent to commit larceny which is an essential element of the crime. Appellant was the only witness in his own behalf and he testified that he had imbibed so freely prior to the robbery that he could not remember anything that occurred on the night in question. Four other witnesses testified that appellant had been drinking but was not drunk. Thus there was presented a question for the jury and this issue was submitted to the jury by two instructions granted to appellant. The verdict against appellant was abundantly supported by the proof and

was not contrary to the overwhelming weight of the evidence. Consequently the judgment of the lower court is affirmed.

Affirmed.