McFarland v. State.

Division A. Dec. 17, 1951.

No. 38245 (55 So. (2d) 457)

Clay B. Tucker, for appellant.

Joe T. Patterson, Assistant Attorney General, for appellee.

Kyle, J.

The appellant was convicted in the county court of Adams County for the crime of burglary, and was sentenced to imprisonment in the state penitentiary for a term of seven years.

The indictment charged that the appellant broke into and entered the dwelling house owned by Mrs. R. M. Dailey and others in the City of Natchez on the night of February 2, 1951. The breaking and entering occurred about 11:00 o'clock. Mrs. Dailey testified that she heard someone walking through the snow in her back yard, and requested her daughter-in-law to call the police department. The intruder walked upon the back porch and shook the bathroom door that opened out on the back porch. He then walked to the kitchen door and shook it. He then went to a window, removed the screen therefrom, broke the celloglass panes in the window, and climbed into the bedroom. Mrs. Dailey and her daughter-in-law ran into the front yard. Two police officers arrived a few minutes later. One of the officers searched the house immediately and found the appellant crouched in the bathroom. The officers immediately arrested the appellant. The only statement made by the appellant was that "I don't know what made me come in here." The

officers testified that the screen had been torn from the window and the window broken and entered, as testified to by Mrs. Dailey and her daughter-in-law.

The two arresting officers and Mrs. Dailey and her daughter-in-law testified that the appellant was not drunk, that he was able to walk, and did not appear to be drunk. One of the officers testified that he did smell the odor of whiskey or beer on the appellant.

The appellant's defense was that he was drunk and that he had no knowledge whatsoever of his breaking and entering the home of Mrs. Dailey. The appellant testified that he quit work about 4:30 o'clock p. m., and that he ate supper at the Savoy Grill on Franklin Street with his brother, J. T. McFarland, about 5:30 p. m.; that Wilson Jackson came in a little later; that they then left the Savoy Grill and went across the street to the Blue Room Beer Garden where the appellant ordered a half pint of whiskey. Three or four other people were seated at the table with them, and more whiskey was purchased and consumed. The appellant stated that he did not remember when he and his brother left the Blue Room Beer Garden; that when he was able to remember anything more he was in jail. The appellant had come to Natchez from Wilkinson County. He testified that he had served in the Army during World War II, in China, Burma, and India, and that he had never been in any trouble before.

Several witnesses testified for the appellant to establish his claim that he was drunk at the time the alleged crime was committed. His brother, J. T. McFarland, testified that he ate supper with the appellant at the Savoy Grill about 5:30 p. m.; that Wilson Jackson joined them while they were eating; and that they then went to the Blue Room Beer Garden where the appellant helped to consume several half pints of whiskey. The appellant and Wilson Jackson turned over to J. T. McFarland the money that they had with them for safekeeping. Later during the night the three went to the Elite Beer Garden

on the corner of Franklin and Pine Streets. Appellant drank more whiskey, and then he and his brother went to the Savoy Grill to get a sandwich. J. T. McFarland paid for the sandwich and after doing so returned to the Elite Cafe for the purpose of giving back to Wilson Jackson the money that Wilson Jackson had turned over to him for safekeeping. When J. T. McFarland returned to the Savoy Grill a few minutes later, the appellant was not there. Elizabeth Lemons, a waitress at the Savoy Grill, testified that the appellant was unable to eat the sandwich that he had purchased; that he was drunk and was ordered to leave the cafe; and that when he got up to leave he staggered toward the door, and the witness caught his arm and assisted him as he left the cafe.

Leona Shekings corroborated the testimony of Elizabeth Lemons as to the drunken condition of the appellant when he left the Savoy Grill between 10:30 and 11:00 o'clock p. m. Three character witnesses, who resided in Wilkinson County, testified that the reputation of the appellant for honesty in the community in which he lived was good.

Appellant's chief assignment of error on this appeal is that the court erred in refusing to grant the peremptory instruction requested by the appellant. And in support of this assignment of error appellant's attorney earnestly contends that the verdict is contrary to the great weight of the evidence, in that the evidence failed to show a felonious intent on the part of the appellant, at the time of the breaking and entering of the dwelling house, to commit larceny, and for the reason that the appellant, at the time of the breaking and entering, was too drunk to entertain a specific intent to take, steal and carry away the goods and chattels in the house; and in support of his contention appellant's attorney cites the case of Edwards v. State, 178 Miss. 696, 174 So. 57, 58, in which this Court quoted with approval the rule stated in 1 Bishop's Criminal Law (9th Ed.) 300-1, Section 411, to the effect that "Since the *animus furandi* is an essential element of the

crime (of larceny) the accused may show as a defense that at the time when he committed the acts which otherwise would constitute larceny he was too drunk to have such an intent.''

 The appellant had the above stated principle of law properly presented to the jury in the instructions granted to him by the court. The court instructed the jury for the appellant that proof only of the breaking and entering of the house was not sufficient to justify a conviction, but that the State must also prove that the appellant broke and entered the house with the specific intent to take, steal and carry away the goods and chattels of Mrs. Dailey then in the house. And the court also instructed the jury that if they believed from the evidence that the appellant at the time he broke and entered the house was too drunk to entertain the specific intent to steal the goods and chattels in the house, the jury should find the appellant not guilty. The jury by their verdict rejected the appellant's claim that at the time of breaking and entering the house he was too drunk to entertain the specific intent to steal the goods and chattels in the house. And we think that there was ample evidence to support the verdict of the jury.

The facts in this case are clearly unlike the facts presented in the cases of Tate v. State, 193 Miss. 386, 9 So. (2d) 788, and Bullock v. State, 195 Miss. 340, 15 So. (2d) 285, 286 which are cited by appellant's attorney in his brief. In the case of Tate v. State, the evidence was entirely circumstantial. The defendant ·on the morning after the alleged crime had been committed was found barefooted not far from the dwelling house which had been broken into, and upon being questioned by the officers the defendant identified a pair of shoes that had been found on the back porch of the dwelling house, put the shoes on and admitted that they were his. The defendant testified that he had been drunk the night before, and that he did not know anything about the burglary. The Court held that the evidence was insufficient to prove

beyond a reasonable doubt that the defendant broke and entered the dwelling house with the felonious intent to commit larceny. In the case of Bullock v. State, the defendant had been indicted for an attempt to commit burglary with intent to steal. On the trial the town marshal testified that when he arrested the defendant, soon after the alleged attempt to break and enter had been committed, the defendant was drunk, and further that he was "a bad drinker" and had often been arrested for drunkenness.

In the case that we now have before us, the two police officers who arrested the appellant immediately after the alleged burglary had been committed testified that the appellant was not drunk, that he was able to walk, and did not appear to be drunk; and their testimony was corroborated by the testimony of Mrs. Dailey and her daughter-in-law and by the police officer who locked the appellant in his cell at the police station a few minutes after the arrest. Pitted against their testimony was the testimony of the appellant and appellant's witnesses who testified that the appellant had been drunk during the evening and had been ejected from a downtown restaurant a short time before the alleged burglary was committed. The conflict in the testimony of the State's witnesses and the testimony of appellant's witnesses created an issue of fact to be determined by the jury; and there was no error in the court's refusal to grant the peremptory instruction requested by the appellant.

The appellant also assigns as error the refusal of the court to grant two additional instructions requested by the appellant relating to the proof of drunkenness as a factor to be considered by the jury in determining whether a definite intent to steal was present when the appellant broke and entered the dwelling house. But we think that the court committed no reversible error in refusing to grant these instructions. That phase of the law had already been fully covered in other instructions granted to the appellant.

■■ ■ The appellant also complains that the county attorney was permitted to confer with the chief of police of the City of Natchez in the presence of the jurors while the jury was being empanelled to try the case. But the chief of police was not a witness in the case, and there is no proof in the record to show that the action of the county attorney in conferring with the chief of police during the selection of the jury had any effect whatever on the verdict.

We find no reversible error in the record and the judgment of the lower court is affirmed.

Affirmed.