## OLSEN *v.* STATE.

No. 39692          May 9, 1955          79 So. 2d 841

*Forrest A. Johnson,* Natchez, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, John Olsen, was convicted in the Circuit Court of Adams County of grand larceny, for the theft of an automobile on or about June 11, 1954. An indictment was returned against him on November 4, and he was tried on November 12, 1954.

Before the jury was empaneled, appellant filed with the court a suggestion of insanity, signed and sworn to by his attorney, Forrest Johnson. This instrument suggested to the court that appellant was at that time insane, and incapable of making a rational defense to the charge, and that the court should empanel a jury to hear that charge preliminarily. Attached to the suggestion were the affidavits of Wilson and Cotton to the same effect. The trial court held a hearing on the suggestion of insanity, without a jury, for the purpose of determining whether appellant was entitled to a jury trial on the preliminary issue of insanity at the time of the trial.

The only witness who testified was Johnson, attorney for appellant. He stated that appellant employed him

on November 4 and he had interviewed Olsen on several occasions; that Olsen had told him a number of different versions about the offense, could not remember the facts of the alleged crime, and was not rational. Sometimes Olsen did not recognize his attorney, and sometimes he thought that Johnson was an F. B. I. man attempting to "pin something" on him. Johnson said that appellant was not rational and could not assist him in preparing his defense. On cross-examination, he stated that on November 4 he had entered into a contract with appellant to serve as his attorney, and at that time he thought Olsen was sane, but since then he had changed his mind. Olsen advised his attorney that he had previously been convicted of two crimes, and correctly identified them, but Johnson said that Olsen did not know any of the circumstances about them, and appeared to be irrational and not able to tell any of the details. Without objection, he testified that he had discussed Olsen with some of the other inmates of the jail, and that "they said he was crazy as a betsy bug."

At the hearing on the suggestion of insanity, the State offered no evidence to rebut Johnson's testimony. The trial court overruled the motion or suggestion. We think this was error. When it appears to a trial court that there is a reasonable probability that a defendant is incapable of making a rational defense, that issue must be preliminarily submitted to a jury. Robinson v. State, 77 So. 2d 265, 269 (Miss. 1955). Here the only testimony was that of Johnson, and on this record it is uncontradicted that appellant was not then capable of making a rational defense. The State offered no testimony to rebut such evidence. The trial court has a sound discretion in determining whether there is a reasonable probability that an accused is insane, as a condition precedent to ordering a preliminary hearing with a jury on that issue. Robinson v. State, supra. Yet the only evidence before the court indicated insanity. For that reason the trial court's refusal to

hold a preliminary hearing with a jury on the issue of sanity at the time of the trial was error, because there was no evidence offered to the contrary, such as, for example, that of the jailer, sheriff and other persons who might have had an opportunity to observe appellant's behavior.

■■ ■ After the suggestion of insanity was overruled, the State offered its evidence. Three witnesses undisputedly proved that appellant had stolen the automobile in question. The State rested. Defendant then offered the testimony of Johnson and two other witnesses who were fellow inmates in the jail, to testify on the merits of the case as to appellant's sanity at the time of the trial, and at least one of them as to sanity at the time of the commission of the offense. The court heard this testimony in the absence of the jury. It erroneously ruled that the question of insanity was not relevant on the merits. The defendant then rested his case. Although the offered evidence of insanity on the merits of appellant's defense may not have been of strong probative value, that was a question for the jury. Defendant had the right to introduce evidence on the merits which might tend to show his insanity either at the time of the trial or of the offense, or both. Davis v. State, 151 Miss. 883, 119 So. 805 (1929).

■■ ■ The trial court also erred in refusing appellant the following instruction: "The court charges the jury for the defendant that, under the law, a specific intent to steal is an essential element of the crime of larceny. That the accused has the right to show, if he can, by himself and his witnesses, that he was too drunk to have such an intent when he committed acts which would, otherwise, be larceny. Therefore, you have the right, in considering the question of his guilt or not, to consider any testimony, if any, on the question of whether he was too drunk to form the criminal intent to commit the crime of larceny." This instruction was approved in Edwards v. State, 207 Miss. 328, 42 So. 2d 230 (1949);

and 1 Alexander, Mississippi Jury Instructions (1953), Sec. 2046. The court refused instruction No. 7 directed to this same point. It apparently was attempted to be modeled upon the instruction granted and approved in McFarland v. State, 212 Miss. 802, 55 So. 2d 457 (1951), and in Sec. 2045 of Judge Alexander's book. However, the requested instruction omits an essential part of that approved in the McFarland case, so its refusal was not error.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.