KENDALL *v.* STATE

No. 42352 November 5, 1962 145 So. 2d 924

*J. W. Kellum,* Sumner, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Spencer Kendall, appellant, was convicted in the Circuit Court of Washington County of the offense of an indecent assault upon a female child, and was sentenced to four years in the state penitentiary. Miss. Code 1942, Rec., Sec. 2052. The statute provides: "Any male person above the age of eighteen years, who, for the purpose of gratifying his lust, or indulging his depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his body or any member thereof, any child under the age of fourteen years, with or without her consent, shall be guilty of a high crime . . ."

The evidence for the State amply supported the conviction. The only assignment of error is this instruction given the State: "The court instructs the jury for the State that voluntary drukenness is no defense in this case." There was a slight conflict in the evidence as to whether and the extent to which Kendall was intoxicated at the time of the offense, but the jury was warranted in finding that at the most he was only slightly intoxicated.

The fact of voluntary intoxication does not ordinarily affect the capacity of a person to commit a crime or his legal responsibility for it. However, when an element of the offense is a specific mental state, it is said the fact that defendant was intoxicated negates the existence of such mental state, and the defendant's intoxication, whether voluntary or not, may be a defense. 1 Burdick, Law of Crime (1946), Sec. 168; 1 Anderson, Wharton's Criminal Law and Procedure (1957), Secs. 44-48. See 15 Am. Jur., Criminal Law, Secs. 338-340; Anno., Voluntary Intoxication As Defense to Homicide, 79 A. L. R. 897 (1932) ; 23 A. L. R. 438 (1923) ; 12 A. L. R.

861 (1921); Anno., 8 A. L. R. 1052 (1920); Anno., 36 L. R. A. 465 (1913).

 In short, voluntary drunkenness of an accused at the time a crime was committed is said to be no defense, especially where no particular motive or intent is a necessary element of the crime charged, as where the crime consists only of the doing of acts which are prohibited. This rule is based essentially on moral, ethical reasons: Everyone knows the influence of drunkenness on the minds of men. It is one's duty to abstain from getting himself in that condition. Otherwise, one planning to commit a crime could also plan for his intoxication at the time of its commission in order to avoid his responsibility. A person who voluntarily removes restraint upon his actions, and, as a result, commits a crime, cannot usually invoke intoxication as a shield. 1 Burdick, Law of Crime (1946), Secs. 166-173; Director of Public Prosecutions v. Beard, H. L. (1920) App. Cas. 479, 12 A. L. R. 846 (leading English case); 22 C.J.S., Criminal Law, Secs. 66, 68.

The essentials of an offense under Sec. 2052 are: (1) A male person over eighteen years; (2) for the purpose of gratifying his lust or indulging his depraved, licentious sexual desires; (3) handling, touching or rubbing with hands or any part of his body or any member thereof; (4) any child under the age of fourteen years. The evidence shows these elements existed here.

Appellant relies on Edwards v. State, 178 Miss. 696, 174 So. 57 (1937), which held that, on a charge of grand larceny of an automobile, an instruction was error which stated, "voluntary drunkenness is no defense to crime." See also Edwards v. State, 207 Miss. 328, 42 So. 2d 230 (1949) (affirmed on second appeal). It was said a specific intent is necessary to constitute the crime of grand larceny. Edwards was followed in Best v. State, 235 Miss. 318, 108 So. 2d 840 (1959).

However, in Stokes v. State, 240 Miss. 453, 472-474, 128 So. 2d 341 (1961), where defendant was convicted of murder, it was stated: ''Voluntary intoxication is no defense in a murder case.'' It was not error to refuse instructions on intoxication. To the same effect is Thurmond v. State, 212 Miss. 36, 53 So. 2d 44 (1951), in which the court said that it was not dealing with the exceptional case, where the degree of intoxication is totally disabling, and it assumed there must exist a capacity to form a deliberate design to effect death, and that test was submitted to the jury. See also Long v. State, 163 Miss. 535, 141 So. 591 (1932); Melton v. State, 155 Miss. 659, 124 So. 802 (1929).

Wixon v. State, 229 Miss. 430, 90 So. 2d 859 (1956), involved a conviction of assault and battery with intent to kill and murder. Citing *Thurmond,* the Court held that a state's instruction was not error which said that the effect of voluntary drunkenness is no excuse for the commission of a crime, and, if the jury believed the defendant wilfully and feloniously shot the prosecuting witness with an intent to kill him, defendant was guilty, even though it believed defendant was drunk at the time.

Perhaps the earliest Mississippi case on intoxication is Kelly v. State, 3 S. & M. 518 (Miss. 1844), where defendant was convicted of manslaughter. It was said that intoxication is no excuse for crime, but may be a circumstance for consideration by the jury upon the question of intention or malice. See also Gordon v. State, 29 So. 529 (Miss. 1901); Butler v. State, 39 So. 1005 (Miss. 1906). Melton v. State, 155 Miss. 659, 124 So. 802 (1929), affirmed a conviction for manslaughter. The Court noted it did not need to consider under what circumstances voluntary intoxication may be considered in the matter of reducing a homicide to manslaughter. See Hand v. State, 190 Miss. 314, 200 So. 258 (1941).

McFarland v. State, 212 Miss. 802, 55 So. 2d 457 (1951), affirmed a conviction of burglary. It was said that the specific intent rule of *Edwards* was properly presented to the jury by an instruction, that the State must prove not only the breaking and entering but the specific intent to steal.

Best v. State, 235 Miss. 318, 108 So. 2d 840 (1959), reversed a conviction of larceny. The evidence showed Best had been on a drunken spree for several weeks and did not remember stealing the cows. With that evidence it was error to instruct the jury that voluntary intoxication was no defense. It was also error for the court to refuse Best an instruction that, if the jury did not believe Best intended to steal, then he was not guilty. Hence where the evidence substantially reflects that defendant was under such a degree of intoxication he did not know what he was doing, this Court has protected his right to submit to the jury the issue of intent to commit the offense.

The many cases on voluntary intoxication in this and other states are candidly impossible to reconcile. 1 Burdick, Law of Crime, Sec. 167. Jerome Hall has carefully analyzed the development and history of intoxication and criminal responsibility. Hall, Intoxication and Criminal Responsibility, 57 Harv. L. Rev. 1045 (1944); Hall, General Principles of Criminal Law (1947), pp. 427-476. The original doctrine, that voluntary intoxication is no defense, has been modified by the exculpatory doctrine that it may be a defense where a specific intent to commit the offense is required. Hall traces this exculpatory doctrine and its significance in some detail. Edwards v. State, *supra,* first applied it specifically in this state in 1937.

On this record, the exculpatory doctrine pertaining to specific intent has no application. The jury was amply warranted in finding either that defendant was not

intoxicated or he was intoxicated only slightly. Kendall's evidence would not justify a finding that he was intoxicated to such a degree as to be unable to understand what he was doing. We do not need to re-examine any further in this case the general doctrine of the criminal liability of inebriates. Voluntary intoxication is not an excuse if the defendant is a normal person whose previous experience should have forewarned him that he will probably become intoxicated if he drinks, and that he will tend to do prohibited acts when intoxicated. Such a person acts recklessly when he drinks liquor. The evidence reflects Kendall is in that category. 57 Harv. L. Rev. 1084. This is not a case involving chronic dipsomania or intoxication of such a degree as to warrant exculpation. Moreover, if we accept defendant's own evidence, it appears that he is what Hall calls a "normal experienced inebriate". 57 Harv. L. Rev. at 1083. Hence the instruction on voluntary intoxication given the State was not error, although the State should request such an instruction only when the evidence would come within these standards.

The phrase, "for the purpose of", was incorporated in Code Sec. 2052 in order to exclude from its coverage affectionate, lawful caresses of a child. This is illustrated by contrasting Kahalley v. State, 254 Ala. 482, 48 So. 2d 794 (1950), striking down in Alabama "peeping Tom" statute, because it did not require the act to be done for an indecent purpose. Cf., Miss. Laws 1958, Ch. 281, upheld in Brown v. State, 140 So. 2d 565 (Miss. 1962).

In short, the instruction excluding intoxication as a defense in this case was proper, because the evidence did not warrant exculpation on that basis. See State v. Huey, 14 Wash. 2d 387, 128 P. 2d 314 (1942) ; 2 Burdick, Law of Crime (1946), Sec. 493. Moreover, the State's principal instruction told the jury that, in order to convict Kendall, it must find beyond a reasonable

doubt that he did the acts "unlawfully, wilfully, and feloniously, for the purpose of gratifying his lust. . . ."

Affirmed.

*Lee, P. J., and Kyle, Gillespie and McElroy, JJ.,* concur.