288 So.2d 457 (1974)
Theopha BERRY
v.
STATE of Mississippi.
No. 47597.
Supreme Court of Mississippi.
January 14, 1974.
*458 David H. Smith, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Theopha Berry was tried in the Circuit Court of Hinds County upon a charge of attempted armed robbery. From his conviction and sentence upon that charge he has appealed.
It is not denied, but is admitted, that appellant did, in fact, enter the liquor store upon the occasion in question, draw a pistol with which he had armed himself, and engage in a "shoot-out" with an employee of the establishment, in the course of which he was wounded. In essence, the defense is that, although he did this, at the time he was intoxicated to a degree which rendered it impossible for him to form the necessary criminal intent and made him incapable of distinguishing between right and wrong.
The incident occurred at about 8:00 in the evening. The owner of the store, one Murphy, was behind the counter at the cash register when Berry entered. Also behind the counter was an employee, Anderson. Berry first told these people that he wanted a half-pint of Old Forrester. Anderson, who had moved to fill the order, asked Berry if he wished 100 or 86 proof. Berry answered that he desired 86 proof. Anderson then took a bottle from the shelf and asked Berry if he were 21 years old. At that moment appellant drew his pistol and told Anderson that he did not want whiskey, that "this is a stick up." He held the pistol on Murphy, who was behind the cash register, but when Anderson moved, Berry shot at Anderson. Berry narrowly missed Anderson as the latter dropped behind the counter where he obtained a gun which was kept there. Berry shot at Anderson again and Anderson began shooting back. In the exchange, one of Anderson's shots struck Berry in the leg and he ran out of the store. Berry's version varies from this account given by Murphy and Anderson in several respects, but he admits entering the store, drawing his pistol and engaging in the shoot-out with Anderson.
Both Anderson and Murphy testified at the trial. According to this testimony Berry's actions and speech during the course of the attempted robbery were not such as to indicate drunkenness or other impairment of his faculties or an absence of awareness of what he was doing. Afterward, Berry went to a bar where he prevailed upon a friend to take him to a hospital. There the bullet was removed. Testimony of a ballistics expert identified this bullet as having been fired from Anderson's gun. Berry's testimony was to the effect that, after he, Berry, had drawn his gun, Anderson had distracted his attention by telling him that there were police just outside. It was when he, Berry, took his eyes off Anderson to look out the window for the supposed police that Anderson had been able to get his gun. In addition to this testimony, it was shown that Berry had voluntarily made a statement concerning the incident, the voluntariness of which is not challenged. In the course of his statement it appears that Berry recollected the details of the occurrence and had suffered no impairment of memory with respect to them.
While Berry offered several witnesses to say that he had drunk a great deal of intoxicating liquor during the day, *459 this testimony, while relevant, is not controlling. The testimony of the eyewitnesses and the admissions of appellant were sufficient to support the jury's finding that appellant was not so intoxicated at the time that he was unable to form the specific intent to commit the crime charged or unable to distinguish right from wrong. Smith v. State, 165 Miss. 462, 144 So. 233 (1932), Cooper v. State, 218 So.2d 874 (Miss. 1969).
Mere voluntary intoxication is not ordinarily a defense and is a defense when, and only when, such intoxication exists to a degree or extent which renders an accused incapable of forming the necessary intent to commit the crime charged and incapable of knowing right from wrong. Upon the evidence in this case the issue was a factual one and its resolution was peculiarly for the jury. Ladner v. State, 231 Miss. 445, 95 So.2d 468 (1957); McFarland v. State, 212 Miss. 802, 55 So.2d 457 (1951); McPherson v. State, 208 Miss. 784, 45 So.2d 589 (1950); Edwards v. State, 178 Miss. 696, 174 So. 57 (1937).
It is argued that appellant was entitled to a directed verdict of not guilty because the State failed to prove specifically that appellant attempted to steal any money or that there was any money there to be stolen.
We agree with the statement of the California Court in People v. Gilbert, 214 Cal. App.2d 566, 29 Cal. Rptr. 640 (1963), where it was said:
Defendant argues that the evidence is insufficient to show an intent to take personal property. Unquestionably, such intent is an essential of the crime of attempted robbery. But intent is manifested by the circumstances connected with the offense (Pen.Code § 21). The presence of two armed strangers in a market shortly after closing time, their substantially simultaneous display of weapons, one pointing at the proprietor near the cash drawer and the other herding the remaining occupants to a rear room, is an unfortunately familiar situation readily suggesting intent to rob. The lack of some such phrase as "this is a stickup", or "hand over your money", does not bar the reasonable inference that the forceful taking of property is intended... .
(29 Cal. Rptr. at 641).
Here we have a stronger case. Can it be suggested seriously that where a man enters a store, points a gun at the person behind the cash register and says to him this is a "stick up" that there could be any misconception as to what his intentions are or what he is attempting to do? At least as far back as Webster's Third New International Dictionary, one of the definitions of "stick up" was "(1) (a) to hold up (as at the point of a gun) in order to rob." A more modern work, The American Heritage Dictionary of The English Language (1971) defines "Stickup Informal. To rob especially at gunpoint," and "Stick-up (Stik' up') N. Slang. A robbery, especially at gunpoint." It is to be borne in mind that the charge in this case was attempted armed robbery, not the completed crime of robbery. The proof shows that the cash register stood on the counter in the immediate area, that appellant drew his gun, pointed it at Murphy who stood behind the cash register, and told him "this is a stick up." This was sufficient to support the verdict of the jury that Berry in so doing was attempting to commit armed robbery. Nor is this affected by the fact that completion of the robbery was prevented by Anderson in returning Berry's fire. Green v. State, 185 Miss. 192, 187 So. 745 (1939).
Whether there can be said to be a "typical" or "usual" procedure in the robbery of business establishments, Berry's conduct followed a pattern which has become all too familiar. Entering the store, after pretending to wish to make a purchase, he drew his pistol, pointed it at the man behind the cash register and told him this is a "stick up". That he should fortify himself *460 with a certain amount of Dutch courage before embarking upon a venture in which he was prepared to take human life cannot be considered surprising nor an excuse under the circumstances here. The only unusual aspect of the case is, perhaps, that his victims were able to resist effectively and that he, rather than they, was shot.
We have also examined the complaint that certain alleged prejudicial testimony was admitted and find that no objection was interposed in the trial court to its admission. Such an objection cannot be made in this Court for the first time on appeal. Stegall v. State, 144 So. 897 (1932).
It is also now contended that one of the instructions granted at the request of the State was erroneous. This instruction appears to have been neither improper nor misleading, but again, objection must be made in the trial court, and none was made there. It cannot be made here for the first time on appeal. Mississippi Supreme Court Rule 42.
It is next argued that the case against Berry rested upon circumstantial evidence and that an instruction should have been granted defining the burden of proof resting upon the State in such case. In this contention appellant is in error. The case does not rest upon circumstantial evidence but is supported by direct testimony of eyewitnesses, the admissions of appellant himself, and the identification of the bullet taken from his leg as having been fired from Anderson's gun. The trial court correctly declined to give the requested instruction.
Finally appellant contends that sentence was improperly imposed.
Berry was sentenced to serve 45 years in the penitentiary. The sentencing judge was a judge of coordinate rank but was not the judge who had presided at Berry's trial. It is now argued that this was error, because, it is contended, (1) only the presiding judge had power to impose sentence, and (2) Berry was not afforded the right of allocution. The record shows that no objection to the imposition of sentence by the sentencing judge was made by Berry or his counsel, nor was there any request or suggestion that it was desired that Berry make a statement prior to sentencing. Afterward, no motion was made in the court below to set aside the sentence in order that Berry might make such a statement or be sentenced by the trial judge. Furthermore, it was not shown that there was any relevant matter which might have been brought to the attention of the sentencing judge which reasonably might have been expected to affect the length of the sentence to be imposed.
Where there is no objection, and no showing that the sentencing judge had not sufficiently acquainted himself with the case in order to exercise sound judicial discretion in imposing sentence, and the sentence is within authorized limits, it will be presumed that he has done so and that sentence was properly imposed.
Neither Berry nor his counsel requested that he be permitted to make a statement prior to sentencing, nor at any other time. It must be assumed that a proper request to do so would have been granted upon reasonable terms. The record is wholly silent as to anything of substance or relevancy that might have been cogently urged by Berry in such a statement. If allocution is considered to be a right in felony cases, it must be considered as having been waived in the complete absence of any action on the part of the accused to indicate a desire to exercise it. Under the circumstances in the present record it was waived. Myers v. State, 254 So.2d 891 (Miss. 1971).
Appellate counsel complain that the trial court did not poll the jury nor did it afford the accused an opportunity to be heard before imposing sentence. Appellant's *461 trial counsel did not ask that the jury be polled nor did they request that appellant be allowed to speak. These rights were waived by the appellant.
(254 So.2d at 894).
We find no prejudicial error in the record and the case is affirmed.
Affirmed.
GILLESPIE, C.J., and ROBERTSON, SUGG and BROOM, JJ., concur.