THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY McLAIN, Defendant-Appellant.

(No. 12854;

Fourth District—October 30, 1975.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jon C. Baxter, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was convicted of burglarizing the Decatur Cocktail Lounge and sentenced to 4 to 20 years in the penitentiary. He appeals, contending that it was error to admit evidence of his prior burglary of the same business; that he was not proven guilty beyond a reasonable doubt; and that evidence of his confession to the earlier burglary should not have been admitted without a hearing on his motion to suppress that confession.

Defendant's checkbook and driver's license, along with other identification, were found in a storage loft in the cocktail lounge on February 18, 1974, the day after the burglary. The evidence tended to show that the burglary had been committed by someone who entered the building without force, or remained in the building, damaged an interior door breaking into the office, removed cash from a folder on the owner's desk, and effected an exit without damaging the exterior doors.

To show intent, design and knowledge, the State offered evidence that the Lounge had been burglarized in a similar fashion in 1971 and that the defendant had confessed to that crime. According to the State's evidence, the defendant had then admitted wandering into the storage loft to sleep, then burglarizing the lounge in the early morning hours when he awoke. In the 1971 incident, an outside door to the lounge had been broken open from the inside. This evidence was admitted over defendant's objection.

■■ Defendant initially contends it was error to admit evidence of the earlier crime to demonstrate intent, design and knowledge. We cannot agree. The *modus operandi* of the burglary was unusual and essentially identical to that of the earlier crime. Moreover, it required a knowledge of the layout of the Decatur Cocktail Lounge, and the commission of the earlier crime was relevant in establishing such knowledge.

■■ We must similarly reject defendant's reasonable doubt contention. He does not advance nor can we construct a reasonable hypothesis consistent with innocence which would explain the presence of his identification in the lounge loft on the day after the burglary. *People v. Johnson,* 31 Ill.2d 321, 201 N.E.2d 367.

■■ Defendant next contends it was prejudicial error to refuse to hold a hearing on his motion to suppress the 1971 confession. When defense

counsel moved at trial to suppress the confession, the trial court judge denied the motion, saying defendant's guilty plea in the earlier proceeding had merged any objections to the confession into his conviction. While it is true that constitutional rights may be waived and that a voluntary plea of guilty waives all errors or irregularities that are not jurisdictional (*People v. Brown*, 41 Ill.2d 503, 244 N.E.2d 159), defendant's plea of guilty in some other proceeding cannot be said to have waived errors in the proceeding on appeal herein.

While defendant's plea of guilty to the earlier crime is an admission rather than a confession as regards this offense, it is well established in Illinois law that admissions are not admissible in evidence unless voluntary. (*People v. Hiller*, 2 Ill.2d 323, 118 N.E.2d 11; *People v. Santucci*, 374 Ill. 395, 29 N.E.2d 508; *People v. Spranger*, 314 Ill. 602, 145 N.E. 706.) In view of the highly prejudicial nature of this evidence, an error as to its admission cannot be said to have been harmless beyond a reasonable doubt.

■■ Consequently, we remand the cause for a hearing by the trial court as to the voluntariness of defendant's confession to the earlier crime. At such hearing, the trial court should determine whether the confession as originally given was voluntary. If the confession is found to be involuntary, this conviction and the sentence imposed should be vacated and the defendant granted a new trial. In the event that the judge of the trial court, after an evidentiary hearing, determines that the confession was voluntarily given, then the trial court judge shall certify that finding together with the record of the evidentiary hearing to this court. We cannot pass upon the issue of the voluntariness of the confession without such record before us. Accordingly, this cause is remanded to the circuit court of Macon County with directions that the judge who presided at the trial conduct the hearing herein specified and for the further proceedings herein specified.

Remanded with directions.

SIMKINS, P. J., and GREEN, J., concur.